B. M. NUNNERY, Jr., Plaintiff,

v.

INSURANCE COMPANIES, MEMBERS OF NATIONAL FLOOD INSURERS ASSOCIATION, Defendant.

No. GC 75–135–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

May 13, 1976.

E. Randolph Noble, Jr., Robertshaw & Merideth, Greenville, Miss., for plaintiff.

William C. Keady, Jr., Campbell & De-Long, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

On May 4, 1973, plaintiff herein, B. M. Nunnery, Jr., submitted an application through the Mitchell Company of Clarksdale, Mississippi, for a policy of flood insurance on a frame dwelling located at Catfish Point in Bolivar County, Mississippi, pursuant to the National Flood Insurance Act of 1968. On or about May 15, 1973, the insured dwelling and contents were damaged by flood waters to the extent of $4,000 according to the allegations set forth in the complaint. Although conceding the fact of the flood damage, defendant denies its liability therefor and also takes issue with plaintiff as to the extent of his loss.

The defendant's persistent denial of liability for any portion of plaintiff's loss resulted in the institution of the instant action. Subsequent to answering the complaint, defendant moved the court for entry of summary judgment against plaintiff pursuant to Fed.R.Civ.P. 56. Having duly considered the briefs submitted by counsel on the motion, the court is now of the opinion that disposition by way of summary judgment is proper in this case insomuch as there is no dispute as to any material fact and the court has determined that the defendant is entitled to judgment as a matter of law.

Subsequent to plaintiff's loss of May 15, 1973, demand was made upon the insurer for payment covering the loss pursuant to the terms of the policy. The record shows without dispute that plaintiff received a letter dated September 21, 1973 from an

insurance adjuster retained by the defendant which unequivocally denied coverage under the policy and refused to make any payment whatsoever on account of the damage suffered by plaintiff in May of 1973. According to the letter, coverage under the policy was denied because, at the time the policy was initially written, "it was obvious from the predicted crest of the Mississippi River that the trailer would be effected [sic] by the flood waters, it is obvious that loss was in progress when the policy was written." Although this letter misdescribed the insured dwelling as a "trailer" it is apparent to the court that no reasonable person could interpret the letter as anything but a clear denial of plaintiff's claim.

Defendant's motion for summary judgment is founded upon the premise that, pursuant to 42 U.S.C. § 4053, the claim set forth in the complaint herein is barred by plaintiff's failure to timely institute suit for recovery under the policy. The applicable portion of the aforesaid statute reads as follows:

> The insurance companies and other insurers which form, associate, or otherwise join together in the pool under this part may adjust and pay all claims for proved and approved losses covered by flood insurance in accordance with the provisions of this chapter and, upon the disallowance by any such company or other insurer of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing of notice of disallowance of partial disallowance of the claim, may institute an action on such claim against such company or other insurer* . . . .. [Emphasis added]

In the instant motion, defendant takes the position that insomuch as the adjuster's letter of September 21, 1973 plainly constitutes a notice of disallowance in the contemplation of Section 4053 the present action is barred since suit was not instituted until May 19, 1975.

In his response to defendant's motion, plaintiff concedes that he failed to commence a formal action within one year of his receipt of the adjuster's letter denying coverage but opposes the motion solely on the basis of an inquiry received by plaintiff some six months subsequent to his receipt of the adjuster's letter denying plaintiff's claim. The inquiry was in the form of a letter from the National Flood Insurers Association (NFIA) seeking information from plaintiff concerning his loss in order to complete an audit for the Department of Housing and Urban Development.

It is plaintiff's position that he reasonably believed from the content of the NFIA letter and attached questionnaire that the matter of the allowance of plaintiff's claim was still under consideration by the insurer and that no definite decision had, at that time, been made.

Mr. Nunnery completed and returned the NFIA questionnaire. Under a space on that document providing for additional comments, Mr. Nunnery included the following statement:

> My insurance premium was paid and my policy was in effect. I had a insurance adjuster representing Travelers insurance to investigate my claim but did not receive one dime.

> Would appreciate your checking into this matter. My damages, in my opinion, is more than $2500.

> If I don't hear from you within the next ten days, I will take further action.

As previously indicated, the date of March 26, 1974 appears upon the NFIA letter and questionnaire relied upon by plaintiff. Allowing for reasonable mail delivery, the ten days to which plaintiff referred in his comments endorsed upon the questionnaire would have expired no later than April 15, 1974. Nevertheless, suit was not instituted until May 19, 1975, over thirteen months from the date upon which plaintiff received the NFIA correspondence and the date upon which he threatened to "take further action" should he not hear from NFIA.

Upon due consideration of the above-stated undisputed facts, the court is doubly

convinced that the defendant herein is entitled to a summary judgment.

First, it is obvious that the letter of September 21, 1973 which Mr. Nunnery admits receiving from defendant's adjuster can be interpreted as nothing but a clear and unequivocal disallowance of plaintiff's claim under the policy of insurance here at issue. Accordingly, and pursuant to 42 U.S.C. § 4053, plaintiff's claim under this policy was barred upon the expiration of one year from that date, or upon approximately September 21, 1974.

Second, and viewing the facts in the light most favorable to plaintiff, when plaintiff failed to hear from the defendant within ten days of the return of the NFIA questionnaire in spite of the threat to take legal action, plaintiff could not reasonably interpret the silence of both the defendant and NFIA as anything but a denial of his claim. The limitations period described in § 4053 would, if assumed to run from the termination of the period within which plaintiff demanded satisfaction, expire upon approximately April 15, 1975. As stated heretofore, suit was not instituted until May 19, 1976.

An order will be entered granting defendant's summary judgment motion and dismissing the action at the cost of the plaintiff.